### B. W. Broaddus, et al., *v.* Jas. D. Easter.

**Partition Fence—Maintenance Agreement.**

A verbal agreement by adjoining landowners to each maintain a designated portion of a partition fence does not run with the land and is not binding on the grantees of either of the parties to such agreement.

**Agreement.**

An agreement between the owners of adjacent lands for erecting and keeping up a division fence, only runs with the land, when reduced to writing and signed, acknowledged and recorded as prescribed by the statutes.

### APPEAL FROM ESTILL CIRCUIT COURT.

#### November 18, 1875.

Opinion by Judge Cofer:

Neither the pleadings nor the evidence disclose any contract or agreement in reference to the alleged division fence, sufficient to render the appellants liable under Secs. 1 and 2, Art. 3, Chap. 55, General Statutes.

The agreement set up in the petition is alleged to have been made between Jesse Benton, who owned the farm where the plaintiff now lives, and Beverly Broaddus, or Edward J. Broaddus, the father of the defendants, who owned the land where the defendants now live.

The defendants deny that any such agreement had ever been made, and the only evidence offered to prove its existence was that many years ago, in the lifetime of Jesse Benton, under whom plaintiffs claim, and in the lifetime of Edward Broaddus, under whom defendants claim, a conversation was had in the spring of 1853, between said Benton and Broaddus, in which they agreed that the

division fence between their land was right. There was no agreement made between said Benton and Broaddus; but they spoke of an agreement between Beverly Broaddus and Jesse Benton made before that time, and said said agreement was right. It also appeared that each party had kept up his part of the fence since that time.

The defendants excepted to this evidence, and it should have been excluded. Such an agreement did not run with the land; and as there was no evidence that the defendant had any notice of it, and had acted with reference to the agreement, from which arose an agreement on their part to adopt the contract between Benton and Beverly Broaddus as an agreement between themselves and the plaintiff, the court should have instructed the jury to find for the defendants as requested in their fifth instruction.

An agreement between the owners of adjacent lands for erecting and keeping up a division fence does not run with the land, unless reduced to writing and signed and acknowledged, or proved and recorded as prescribed in Sec. 1, Art. 3.

Wherefore the judgment is *reversed,* and the cause is remanded for a new trial upon principles not inconsistent with this opinion.

*H. C. Lilly, J. B. White, for appellants.*